Amy R. Alpern, OSB No. 840244
LITTLER MENDELSON
1750 SW Harbor Way, Suite 450
Portland, OR 97201
Telephone: 503.221.0309
Fax No.: 503.226.2791
aalpern@littler.com

FILED'07 DEC 10 11:59USDC-ORM

  Of Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERTA HAMRICK,<br><br>    Plaintiff,<br><br>     v.<br><br>AQUA GLASS, INC., a foreign business corporation,<br><br>    Defendant. | Case No. 07 - 3089 - CL<br><br>**NOTICE OF REMOVAL** |

  Defendant Aqua Glass, Inc., by filing this notice of removal and related papers, removes this action from the Circuit Court of the State of Oregon for the County of Klamath to the United States District Court for the District of Oregon. Defendant states in support of its removal the following:

  1.  On November 8, 2007, plaintiff Roberta Hamrick filed a complaint in this action now pending in Klamath County Circuit Court as *Roberta Hamrick v. Aqua Glass, Inc.*, Case No. 0704502CV. Pursuant to 28 U.S.C. § 1446(a), all state court papers served on defendant at the time of the removal, consisting of a summons and complaint, are attached hereto as Exhibit 1.

Page 1 – NOTICE OF REMOVAL

2.     This notice of removal is timely filed under 28 U.S.C. § 1445(b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service or otherwise, the initial pleading.  Defendant was served on November 8, 2007.

3.     No further proceedings have been had in the Circuit Court of Klamath County, Oregon as of the date of filing of this removal.

4.     This is a civil action over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  This action may be removed because the action involves a federal question, *i.e.*, alleged violations of Title VII, 42 U.S.C. § 2000e *et seq.*

5.     This also is a civil action over which the Court has jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed because:

    (a)     Defendant is organized and incorporated under the laws of the State of Delaware and its principal place of business is Tennessee.  Defendant is not a citizen of the State of Oregon.

    (b)     Upon information and belief, at the time this action was commenced, the named plaintiff, Roberta Hamrick, was a citizen of the State of Oregon.  Complaint ¶ 4.

    (c)     Plaintiff seeks, among things, economic and non-economic compensatory damages, punitive damages, and attorney's fees and costs.  Should Plaintiff prevail, Title VII permits a plaintiff making these allegations to recover compensatory and punitive damages, with a statutory cap on damages of $100,000.  In light of this, and given that a prevailing plaintiff may be entitled to attorney's fees and costs, the amount in controversy exceeds $75,000.00.

**Littler Mendelson, PC**
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Telephone (503) 221-0309
Facsimile (503) 242-2457

Accordingly, this is a civil action that is between citizens of different states within the meaning of 28 U.S.C. § 1332.

6.    Plaintiff asserts state law claims for sexual harassment, retaliation, and wrongful discharge. Complaint ¶¶ 34, 40, and 42. Plaintiff's state law claims are so related to the federal claims under Title VII that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

8.    Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

9.    Defendant is providing to plaintiff, through counsel, written notice of the filing of this notice of removal. Further, defendant is filing a copy of this notice of removal with the Clerk of the Circuit Court of Klamath County, Oregon where the action is currently pending.

DATED December 7, 2007.

Respectfully submitted,

LITTLER MENDELSON

Amy R. Alpern, OSB No. 840244
Of Attorneys for Collins Pine Company

**Littler Mendelson, PC**
1750 SW Harbor Way, Suite 450
Portland, OR  97201
Telephone (503) 221-0309
Facsimile (503) 242-2457

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2007, I served a full, true and correct

copy of the foregoing NOTICE OF REMOVAL:

    ☐    By delivery via messenger, or otherwise by hand,

    ☐    By facsimile,

    ☑    By mailing the same, postage prepaid,

Addressed to:

        Craig A. Crispin
        Crispin Employment Lawyers
        500 Plaza West, 9600 SW Oak Street
        Portland, OR  97223-6597

            Of Attorneys for Plaintiff

By _____
        Amy R. Alpern

Page 4 -- NOTICE OF REMOVAL

*11-8-07    14:10*

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR THE COUNTY OF KLAMATH

**ROBERTA HAMRICK,**
                    Plaintiff,

      v.

**AQUA GLASS, INC. a foreign business
corporation,**

                Defendants.

Civil No. *07D4 502CV*

**SUMMONS**

To:    Aqua Glass Corporation
       c/o CT Corporation System, Registered Agent
       388 State St., Suite 420
       Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Craig A. Crispin, OSB No. 82485
CRISPIN EMPLOYMENT LAWYERS
500 Plaza West
9600 SW Oak Street
Portland, OR 97223
(503) 293-5769

Trial Attorney: Craig A. Crispin

**\*\*\*\*\*\*\*\*\*\***

STATE OF OREGON      )
                         ) ss.
County of Klamath    )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

**\*\*\*\*\*\*\*\*\*\***

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof, or upon a separate similar document which you shall attach.

Attorney of Record for Plaintiff

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                            FOR THE COUNTY OF KLAMATH

6
   ROBERTA HAMRICK,                          Civil No. O704 502 CV
7
                          Plaintiff,
8                                            COMPLAINT
              v.                             (Sexual Harassment, Retaliation ORS
9                                            659.030; Wrongful Termination)
   AQUA GLASS, INC., a foreign business
10 corporation,

11                        Defendant .

12                        NATURE OF THE ACTION

13      1.      This is an action under Title VII of the Civil Rights Act of 1964 as amended by

14 the Civil Rights Act of 1991 to correct unlawful employment practices, to vindicate plaintiff's

15 rights and the rights of other employees to work in environments free from sexual harassment,

16 and to make plaintiff whole.  This is also an action under ORS 659A.030 to correct unlawful

17 employment practices based on sex.

18      2.      Defendant engaged in a pattern and practice of creating and maintaining a

19 sexually harassing and hostile work environment amounting to employment discrimination and

20 retaliated against plaintiff for complaining and resisting such environment.

21      3.      The facts alleged herein occurred in Klamath County, Oregon.

22                        PARTIES & PROCEDURAL REQUIREMENTS

23      4.      Plaintiff ROBERTA HAMRICK is an individual resident and citizen of Oregon

24 and, at material times, was an employee of defendant AQUA GLASS, INC, doing business in

25 Klamath Falls, Oregon.

26      5.      At all material times defendant AQUA GLASS, INC, was and is an employer

Page 1 – COMPLAINT                          CRISPIN EMPLOYMENT LAWYERS
                                            500 Plaza West, 9600 SW Oak Street
                                            Portland, Oregon 97223-6597
                                            Telephone: 503.293.5770

1   within the meaning of 42 U.S.C. § 2000e(b) and ORS 659A.001(4), and is engaged in the

2   business of operating a manufacturing facility and employs more than 15 persons in the State of

3   Oregon.

4       6.      Plaintiff filed charges of unlawful employment practices with the Oregon Bureau

5   of Labor and Industries, Civil Rights Division ("BOLI"), and complaints with the Equal

6   Employment Opportunity Commission ("EEOC"), regarding the statutory claims raised herein.

7       7.      All administrative prerequisites to the statutory claims asserted herein have been

8   timely satisfied.

9                           FACTUAL ALLEGATIONS

10      8.      Plaintiff was employed by defendant as a swing shift finisher and finishing lead

11  from October 2005 to September 2006.

12      9.      At relevant times, plaintiff reported to defendant's manager, Michael Miller,

13  Swing Shift Production Supervisor.

14      10.     During plaintiff's employment, defendant's training manager, Megan Williams,

15  repeatedly touched and grabbed plaintiff's buttocks, legs, and shoulders and often purposefully

16  put her breasts in and near plaintiff's face.

17      11.     During plaintiff's employment, Williams also often pressed her face close to

18  plaintiff's face and whispered sexually suggestive comments, implying that if plaintiff responded

19  favorably to Williams's conduct, Williams would ensure that plaintiff received a promotion.

20      12.     Other employees were subjected to similar offensive touching and sexually

21  explicit and suggestive comments.  Such conduct was open and notorious.

22      13.     Plaintiff found the conduct of Williams offensive and unwelcome, and advised

23  her to stop.

24      14.     Plaintiff resisted Williams' conduct, becoming visibly angry, and often

25  demanding that Williams stop her inappropriate conduct.

26      15.     Due to plaintiff's refusal to go along with Williams's sexual demands and

Page 2 – **COMPLAINT**                        CRISPIN EMPLOYMENT LAWYERS
                                              500 Plaza West, 9600 SW Oak Street
                                              Portland, Oregon 97223-6597
                                              Telephone: 503.293.5770

1    plaintiffs' opposition to Williams' sexually explicit conduct and sexual demands, Williams

2    retaliated against plaintiff by imposing unwarranted discipline.

3       16.    On or about September 18, 2006, while Williams was present in the workplace,

4    plaintiff reported the sexually harassing conduct by Williams to plaintiff's direct supervisor,

5    Miller.

6       17.    Within hours of plaintiff's reporting and complaining of Williams's conduct,

7    Williams caused defendant to terminate Miller's employment.

8       18.    Williams' reason for causing Miller's termination was to prevent him from

9    reporting Williams's misconduct.

10      19.    Plaintiff was severely distressed at Williams' sexual advances and sexually

11    inappropriate conduct, and upon discovering Miller's termination became so emotionally

12    distressed that she was required to seek and continue medical treatment and has been unable to

13    return to work since.

14                        **FIRST CLAIM FOR RELIEF**

15              **(Violations of 42 U.S.C. § 2000e-2(a) - Sexual Harassment)**

16      20.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 as

17    though fully set forth herein.

18      21.    During plaintiff's employment, she was subjected to repeated and continuous

19    unwelcome and injurious sexual and sexually offensive conduct.

20      22.    Williams's sexually inappropriate conduct was open and notorious, and defendant

21    knew or should have known of its existence.

22      23.    Despite defendant's actual and/or constructive knowledge of the sexually hostile

23    work environment to which plaintiff was subjected, defendant failed to take prompt or effective

24    corrective action to cause the sexual harassment of plaintiff to stop, and the harassment

25    continued.

26      24.    The sexual harassment was severe and/or pervasive and altered the conditions of

Page 3 – **COMPLAINT**                          CRISPIN EMPLOYMENT LAWYERS
                                                 500 Plaza West, 9600 SW Oak Street
                                                 Portland, Oregon 97223-6597
                                                 Telephone: 503.293.5770

1  plaintiff's employment. A reasonable person would find the sexually objectionable environment
2  subjectively and objectively offensive, and plaintiff did perceive it to be so.

3      25.    Defendant's maintenance of a sexually hostile working environment as alleged
4  herein violates Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

5      26.    Defendant's acts constitute a pattern and practice of sexually discriminatory
6  conduct directed toward plaintiff and other female employees, which should be permanently
7  enjoined by the court's entry of an injunction prohibiting such conduct in the future.

8      27.    Plaintiff is entitled to a declaration that defendant's discriminatory acts and
9  failure to remedy the sexually hostile environment to which plaintiff was subjected were in
10 violation of plaintiff's statutory rights.

11     28.    As a result of the unlawful actions alleged herein, plaintiff suffered economic
12 damages and is entitled to recover her lost wages and benefits of employment, other economic
13 losses, and her medical expenses and other incidental expenses incurred in connection with her
14 injuries caused by the actions alleged herein.

15     29.    As a result of the unlawful actions alleged herein, plaintiff suffered severe
16 emotional distress during her employment and through the present, for which plaintiff is entitled
17 to compensatory damages sufficient to compensate her for her emotional pain and suffering and
18 other noneconomic losses, in an amount found appropriate by a jury based on the evidence
19 presented at trial.

20     30.    Defendant's acts were done intentionally with an improper, abusive,
21 discriminatory, and retaliatory motive, and with reckless indifference to plaintiff's state and
22 federally protected rights. Defendant should be assessed punitive damages in an amount found
23 sufficient by a jury to punish defendant and defer defendant and others from similar conduct in
24 the future.

25     31.    Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert
26 witness fees incurred herein, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k).

Page 4 – **COMPLAINT**

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6597
Telephone: 503.293.5770

1                    SECOND CLAIM FOR RELIEF

2              (Violations of ORS 659A.030 - Sexual Harassment)

3        32.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 24 and

4    26 through 28 as though fully set forth herein.

5        33.    Defendant's maintenance of a sexually hostile working environment as alleged

6    herein constitutes an unlawful employment practice in the terms and conditions of plaintiff's

7    employment for which plaintiff should recover pursuant to ORS 659A.030.

8        34.    Plaintiff is entitled to recover from defendants reasonable attorney fees and costs,

9    and expert witness fees pursuant to ORS 659A.885(1) and/or ORS 20.107.

10                    THIRD CLAIM FOR RELIEF

11             (Violation of 42 U.S.C. § 2000e-3(a) - Retaliation)

12       35.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 as

13   though fully set forth herein.

14       36.    As a result of plaintiff's opposition and resistance to Williams's sexually

15   harassing conduct, defendant and Williams imposed unwarranted discipline, purposefully

16   persisted in and escalated the sexual conduct, and refused to provide plaintiff with services

17   during plaintiff's disability related to insurance, leave, and related matters.

18       37.    Defendant's actions as alleged herein were in retaliation for plaintiff's resistance

19   and opposition to defendant's violations of Title VII and in violation of 42 U.S.C. § 2000e-3(a).

20                    FOURTH CLAIM FOR RELIEF

21             (Violations of ORS 659A.030 - Retaliation)

22       38.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 24, 26

23   through 28, 33, 34, and 36 as though fully set forth herein.

24       39.    Defendants' retaliatory conduct toward plaintiff was in violation of ORS

25   659A.030(1)(f).

26         ·

Page 5 – COMPLAINT                                    CRISPIN EMPLOYMENT LAWYERS
                                                      500 Plaza West, 9600 SW Oak Street
                                                      Portland, Oregon 97223-6597
                                                      Telephone: 503.293.5770

1                      **FIFTH CLAIM FOR RELIEF**

2                      **(Wrongful Discharge)**

3        40.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 30, 33,

4 34, 36, 37 and 39 as though fully set forth herein.

5        41.     Plaintiff left work due to medical reasons caused by defendant's course of sexual

6 harassment and retaliation, and by defendant's termination of the manager who had agreed to

7 assist plaintiff in stopping the sexual harassment. Defendant knew or should have known that

8 such actions and circumstances would have compelled plaintiff to leave employment, or intended

9 such result, and plaintiff did leave employment as a result thereof.

10        42.     Due to the medical impact of defendant's actions, plaintiff has been unable to

11 work since her departure from defendant's employ in or about September 2006 and is entitled to

12 recover lost wages and benefits of employment through the date of trial, as well as her medical

13 expenses incurred as a result of defendant's actions.

14        43.     Plaintiff's constructive termination, as set forth herein, was motivated in

15 substantial part by her pursuit of a right related to her role as an employee, which right is one of

16 important public interest, *i.e.,* her good faith opposition and resistance to defendant's

17 discriminatory acts, and in violation of a duty imposed upon defendant by an established public

18 policy.

19        44.     Plaintiff is entitled to all appropriate remedies as set forth herein in addition to

20 attorney fees pursuant to ORS 20.107.

21                      **PRAYER FOR RELIEF**

22        WHEREFORE, plaintiff requests the court to:

23        1.     Assume jurisdiction over each of the causes set forth herein.

24        2.     Grant a permanent injunction enjoining defendant, its owners, officers,

25 management personnel, employees, agents, successors, and assigns, and all persons in active

26 concert or participation with defendant, from engaging in any employment practice which

Page 6 – **COMPLAINT**

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6597
Telephone: 503.293.5770

1  discriminates on the basis of sex, on such terms as the court may direct.

2       3.     Order defendant to make plaintiff whole by compensating her for past and future

3  pecuniary losses, including expenses, lost past and future earnings and benefits of employment,

4  and such other losses as are proved at trial.

5       4.     Order defendant to pay plaintiff an award of compensatory damages for

6  noneconomic losses.

7       5.     Assess punitive damages against defendant.

8       6.     Award plaintiff her costs of suit and her reasonable attorney fees, costs and expert

9  witness fees pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, ORS 659A.885, and/or ORS

10  20.107.

11       7.     Order defendants to pay prejudgment and postjudgment interest, as appropriate,

12  on all amounts due to plaintiff as a result of this action.

13       8.     Order such further or alternative relief in favor of plaintiff as the court deems

14  appropriate.

15                          CRISPIN EMPLOYMENT LAWYERS

16

17                  By:

18                      Craig A. Crispin, OSB № 82485
                        Of Attorneys for Plaintiff

19

20

21

22

23

24

25

26

Page 7 – COMPLAINT

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6597
Telephone: 503.293.5770