FILED'08 AUG 11 13:24USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERTA HAMRICK,               )    Civil No. 07-3089-CL
                               )
        Plaintiff,             )    **OPINION AND ORDER ON**
                               )    **MOTION FOR RECONSIDERATION**
    v.                         )
                               )
AQUA GLASS, INC.,              )
                               )
        Defendant.             )

**PANNER, Judge.**

Defendant Aqua Glass moves for reconsideration of my order (# 17) denying Defendant's motion to compel arbitration. I did not overlook the cases Aqua Glass cites, but saw no reason to lengthen the opinion by discussing them. They are not from the state's highest court, nor do they conflict with my ruling.

Aqua Glass cites <u>Motsinger v. Lithia Rose-FT, Inc.</u>, 211 Or. App. 610 (2007), for the proposition that "lack of mutuality in an adhesive arbitration agreement does not **necessarily** invalidate it." Defendant's Motion for Reconsideration, p. 2 (emphasis added). I did not hold otherwise. Saying that lack of mutuality does not "necessarily invalidate" an adhesive arbitration agreement--or that it is not "*per se* unconscionab[le]"--is very different from saying that lack of

1 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION

mutuality may never be a basis for declaring an adhesive arbitration agreement unconscionable.

Motsinger rejected the view that lack of mutuality either never, or always, invalidates an arbitration provision. Id. at 619-24. The panel instead focused on the practical effect of certain terms being applicable only to one party or to the kind of claims likely to be brought by one party. See id. at 622-25. "[W]e must determine on a case-by-case basis whether, given the unequal bargaining power, the effect of the arbitration clause makes the parties' respective obligations so unbalanced as to be unconscionable." Id. at 625. The panel cited with approval Vasquez-Lopez v. Beneficial Oregon, Inc., 210 Or. App. 553 (2007), as did my opinion.

Motsinger analyzed the particular arbitration provision at issue there, including the pool of prospective arbitrators (any retired Circuit Court judge); the process by which the arbitrator was to be selected (approval from both parties was required); the procedures for making the arbitration decision and for obtaining appellate review of that decision by a second arbitrator using standards equivalent to an appeal in a judicial proceeding; the available remedies, discovery, and rules of evidence (all identical to federal court); and the time allowed for filing claims. The panel also noted that, when hired, employees were given the option of excluding Title VII claims from arbitration. Motsinger, 210 Or. App. 626, n.15.

In Motsinger, some claims would be heard in court and others by an arbitrator, but the panel concluded that the procedural and

2 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION

substantive rights under the agreement were essentially the same as in a judicial proceeding, and the procedure for selecting the arbitrator was fair to both sides. Only the forum differed.[1] Id. at 626. That is not so with the Aqua Glass arbitration agreement. As I stated in the prior opinion:

> It is not only the forum that differs. The severe restrictions this arbitration agreement places upon discovery, the shortened limitations period for some claims, the requirement to mediate any dispute first, and the other constraints this arbitration agreement imposes upon the employee, are declared inapplicable to claims of the kind likely to be brought by the employer. Put another way, the employer is unwilling to have its own claims heard and decided under the same rules that apply to employee claims.

Hamrick v. Aqua Glass, July 21, 2008 Opinion and Order, p. 5.

Not every difference in obligations or rights is objectionable or will result in an adhesive arbitration agreement being declared unconscionable. Some differences in obligations may even be favored, such as a provision that the employer pays all arbitration fees.

However, lack of mutuality can signal that the employer is unwilling to be bound by the same terms it seeks to impose upon the employee. When the cook refuses to dine at his own restaurant, closer scrutiny is justified.

The remaining arguments by Aqua Glass do not require discussion.

---

[1] Motsinger observed that "[t]he parties do not argue about the potential implication of giving up their right to a jury trial in the context of whether their contract is unconscionable." 210 Or. App. at 616, n.6.

3 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION

## Conclusion

The Motion (# 19) by Aqua Glass for Reconsideration is granted but, upon reconsideration, the court adheres to the prior ruling (# 17).

IT IS SO ORDERED.

DATED this __11__ day of August, 2008.

_____
Owen M. Panner
United States District Judge

4 - OPINION AND ORDER ON MOTION FOR RECONSIDERATION